## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**NATIONWIDE INDUSTRIES, INC.,**

       **Plaintiff,**

**v.**                                          **Case No.: 8:12-CV-2372-T-27EAJ**

**D&D TECHNOLOGIES (USA), INC., et al.,**

       **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Before the Court are **Defendant D&D Technologies (USA), Inc., D&D Group Pty Ltd and D&D Technologies Pty Ltd's Motion to Dismiss Plaintiff Nationwide's Amended Complaint [Dispositive Motion]** (Dkt. 32),[1] Plaintiff's **Response in Opposition to Defendants' Motion to Dismiss Plaintiff's Amended Complaint** (Dkt. 37), and **D&D Australia Defendants' Supplemental Brief Opposing Personal Jurisdiction Under FRCP 4(k)(2)** (Dkt. 51).

Defendants seek to dismiss Plaintiff's amended complaint asserting lack of subject matter jurisdiction as Plaintiff does not allege sufficient facts establishing a justiciable "case or controversy" under Article III of the Constitution and the Declaratory Judgment Act, 28 U.S.C. § 2201. (Dkt. 32)  Additionally,  Defendants argue the Court lacks personal matter jurisdiction over Defendants D&D Technologies (USA), Inc., and D&D Group Pty LTD (collectively, "D&D Australia Defendants") because they are foreign companies with insufficient contacts to this forum. (Id. at 15-17)

---

[1] The motion was referred to the undersigned for consideration and issuance of a report and recommendation. (Dkt. 54)  See 28 U.S.C. § 636; Local Rule 6.01(b)-©, M.D. Fla.

**Standard of Review**

When considering a motion to dismiss under Rule 12(b)(1), Fed. R. Civ. P., a court must consider whether subject matter jurisdiction exists.  Fed. R. Civ. P., 12(b)(1).  The Declaratory Judgement Act, pursuant to 28 U.S.C. § 2201(a), provides that a court may only issue a declaratory judgement when a "case of actual controversy" exists. 28 U.S.C. § 2201(a), Emory v. Peeler, 756 F.2d 1547, 1552 (11th Cir. 1985).   "A case or controversy must exist at the time the declaratory judgment is filed." GTE Directories Publ'g Corp. v. Trimen Am., Inc., 67 F.3d 1563, 1568 (11th Cir. 1995).  "[T]he phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III[,]" MedImmune, Inc. v. Genetech, Inc., 549 U.S. 118, 127 (2007) (citing Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240 (1937)), which means there must be a "substantial continuing controversy between parties having adverse legal interests." Emory, 756 F.2d at 1552;  MedImmune, 549 U.S. at 127.

The ultimate inquiry is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, 549 U.S. at 127 (internal quotations omitted).

**Background**[2]

Plaintiff, a Florida Corporation, is a designer and manufacturer of hardware and components for the building materials industry. (Dkt. 29 at 4)  Plaintiff sells a variety of products including

---

[2]  These facts are taken from the amended complaint, unless otherwise specified.

fencing and railing hardware, window and door components, and storm and screen door product. (Dkt. 29 at 4). Plaintiff has five catalogues it utilizes for its fence hardware product lines, including the Chain Link Catalog, the Vinyl Catalogue, the Innovative Catalog, the Ornamental Catalog, and the Wood Catalog. (Id.). Most of Plaintiff's business is done in North America. (Id.)

Defendants are D&D Technologies (USA), Inc. ("D&D USA"), D&D Group Pty Ltd ("D&D Group"), and D&D Technologies Pty Ltd ("D&D Tech") (collectively "Defendants"). Defendants are competitors of Plaintiff. Defendant D&D USA is a California company, and D&D Group and D&D Tech are Australian companies. Defendant D&D Tech began its operation in Sydney, Australia, and its business is limited to fencing and railing hardware. (Id.) Defendant D&D USA owns the exclusive license of a patent owned by D&D Group. (Id. at 4-5)

On October 4, 2012, Plaintiff received a cease and desist letter from a law firm representing Defendants D&D Group and D&D Tech. (Id. Ex. 1) The letter requested Plaintiff to substantiate claims it made in catalogues relating to certain hinges in its fence hardware product lines. (Id.)

Plaintiff's original complaint was dismissed on March 11, 2013, pursuant to the Court's ruling that the complaint failed to allege sufficient facts establishing a justiciable "case or controversy" between Plaintiff and Defendants. (Dkt. 25)

Thereafter, on March 28, 2013, Plaintiff filed an amended complaint again seeking declaratory relief pursuant to 28 U.S.C. §2201 and 2202 that its advertising claims do not violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). (Dkt. 29) Defendants have renewed their motion to dismiss. For the reasons which follow, the amended complaint should be dismissed as the additional allegations are insufficient to cure the defects noted in the Court's dismissal order as to subject-matter jurisdiction.

**Discussion**

**A. Subject-Matter Jurisdiction**

Plaintiff's allegations of a case or controversy rest principally on two events: 1) a cease and desist letter sent to Plaintiff's President dated October 4, 2012; and 2) prior litigation filed by Defendants against Plaintiff and others.  Both events were detailed in the complaint; the amended complaint adds more detail, principally to the history of litigation involving the parties and others.

**Cease and Desist Letter**

Plaintiff contends that the October 4, 2012 cease and desist letter, which gave Plaintiff a short response time, sufficiently establishes that Plaintiff had a reasonable apprehension that Defendants would file suit against Plaintiff.

On October 4, 2012, Robert D. Becker ("Becker"), counsel for Defendants D&D Group and D&D Tech, sent Christopher Klieforth, Plaintiff's president, a letter regarding some of Plaintiff's claims in its catalogs and its warranty that it offers to consumers. (Dkt. 29 Ex. 1) The letter requested a copy of the warranty that Plaintiff, in some of its catalogs, stated was the "industry-Best warranty" and offers a "million cycle warranty." (Id.) Defendants requested this warranty information because Defendants believe they offer consumers the industry's best warranty and because Defendants could not find Plaintiff's warranty online.  (Id.) The letter also requested substantiation for certain claims Plaintiff made in some of its catalogs as follows:

That the CornerStone Self Closing Hinge is Point Load tested to 1,000 lbs per pair, see Ornamental Fence Hardware Catalog, p.1;

That the CornerStone Fully Adjustable Hinge for Vinyl and Wood Gates is Point Load tested to 1,500 lbs per pair, see Innovative Fence and Railing Hardware Catalog, p.3;

That the CornerStone Fully Adjustable Hinge for Vinyl and Ornamental Gates is

Point Load tested to 1,000 lbs per pair, see Innovative Fence and Railing Hardware Catalog, p.3; and

That the Cornerstone Horizontally Adjustable Hinge for Vinyl and Wood Gates is Point Load tested to 1,200 lbs per pair, see Innovative Fence and Railing Hardware Catalog, p.4.

(Id. at 1-2)

Becker also requested test results for Plaintiff's claim that its "CornerStone self-closing nylon hinges are 'million cycle hinges' and that the springs are tested to 1 million weighted cycles." (Id. at 2)  Becker wrote, "[p]lease provide us with substantiation for each of these performance claims or confirm that you will immediately cease and desist from making these claims." (Id.) Asserting that the Federal Trade Commission Act and the Lanham Act protected consumers from false claims and advertising, the letter gave Plaintiff a deadline of 5:00 p.m. on October 19, 2012 to respond.  Becker also advised that "[i]f we do not hear from you by then, we will advise D&D to take all necessary and appropriate actions." (Id.)

Plaintiff submits it had a reasonable apprehension of suit after receiving the demand letter because the letter came from the Mannat Law firm, the same law firm that represents Defendants in this case and has represented Defendants in previous cases. (Dkt. 37 at 4-5)  Plaintiff explains that the same law firm has filed lawsuits against Plaintiff and other competitors in the past. (Id.)

That Plaintiff has a reasonable apprehension of suit is one way to demonstrate a justiciable controversy under the totality of circumstances test.  Prasco, LLC, v. Medicis Pharm. Corp., 537 F.3d 1329, 1336 (Fed. Cir. 2008).  However, a plaintiff must still "demonstrate that the controversy [is] sufficiently immediate and real." Vantage Trailers, Inc. v. Beall Corp., 567 F.3d 745, 751 (5th Cir. 2009).   "Threats of legal action, alone, cannot create an actual controversy under the Declaratory Judgment Act." Id.

In dismissing the original complaint, however, the Court found that the cease and desist letter "on its face does not establish that an actual 'case or controversy' exists" between the parties. (Dkt. 25 at 4)   Although Plaintiff's amended complaint provides more information surrounding the October 4, 2011 letter, the additional allegations add no more substance demonstrating that the parties' interests - at the time this lawsuit was filed - were adverse and immediate.  Plaintiff must demonstrate more than a threat of a legal action.  <u>Vantage Trailers, Inc.</u>, 567 F.3d at 751.  <u>See also</u> <u>IVX Animal Health, Inc. v. Burger</u>, 475 F. Supp. 2d 1264, 1268 (S.D. Fla. 2007) (finding no case or controversy where defendant's letters did not illustrate an intent to sue). [3]

**<u>Prior Litigation</u>**

Contending that prior litigation further demonstrates an actual controversy between the parties, Plaintiff points to allegations in the amended complaint which highlight the previous lawsuits by Defendants against Plaintiff and other competitors.

Prior litigation is a factor to be considered under the totality of circumstances test.  <u>Prasco</u>, 537 F.3d at 1341; <u>Breckenridge</u>, 2009 WL 654214, at *3.  However, the "mere existence of prior litigation [] is not sufficient to create a case or controversy." <u>Geltech Solutions, Inc.</u>, 2010 WL 1791423, at *3.  Plaintiff must still show, on an objective basis, that a substantial, real, and immediate controversy exists between the parties.  <u>Prasco</u>, 537 F.3d at 1339; <u>Breckenridge</u>, 2009 WL 654214, at *2.

The new allegations in the amended complaint must be viewed against the backdrop of the

---

[3]  While it is true that Defendants cannot avoid declaratory judgment by simply avoiding "magic words" relating to litigation in its letter, <u>Arris Grp., Inc. v. BritishTelecomms. PLC</u>, 639 F.3d 1368, 1379 (Fed. Cir. 2011), Plaintiff must demonstrate a substantial likelihood of future injury based on an objective standard. <u>Malowney</u>, 193 F.3d at 1347.

Court's prior order which held that Plaintiff's "conclusory allegations" regarding its past disputes with Defendants (four patent infringement cases over the course of eleven years) was insufficient to create an actionable "case or controversy." (Dkt. 25 at 4)  To be sure, Plaintiff's amended complaint provides more detail regarding these four cases involving Plaintiff and Defendants which were filed in 2001, 2003, 2004, and 2008. [4] (Dkt. 29 at 6-7)  Plaintiff alleges that the 2008 patent case ended on May 3, 2011, when the United States Court of Appeals for the Federal Circuit dismissed Defendants' appeal. (Id. at 7) Plaintiff also identifies four other cases filed by Defendants against competitors in 2007 and 2008. (Id.)[5]  Plaintiff further states that Defendant D&D USA filed two lawsuits against a competitor in 2011 and 2012. (Id. at 8) [6]  Plaintiff also explains that some of the hinge models, specifically model numbers CH300F and CH300H, that were the subject of the October 4, 2012 letter were also involved in the 2008 patent litigation.  (Id.)

Although past litigation involving similar products between competitors is a relevant factor, it is not determinative.  See Panavise Prods., Inc. v. National Prods., Inc., 306 F. App'x 570, 573 (Fed. Cir. 2009) (unpublished) (six lawsuits concerning different products not dispositive); Breckenridge, 2009 WL 654214, at *3 (five law suits not determinative).  Moreover, unlike the past

---

[4] Plaintiff lists four cases with Defendants: case no. 2002-cv-00128 was filed in the Central District of California; case no. 2003-cv-01245 was filed in the Central District of California; Case no. 2004-cv-00277 was filed in the Middle District of Florida; and case no. 2008-cv-00236 was filed in the Southern District of California. (Dkt. 29 at 6-7)

[5] Plaintiff alleges Defendants filed two suits in the Central District of California against Jaysons Group with case numbers of 2007-cv-00732 and 2008-cv-0767). (Dkt. 29 at 7) Plaintiff states Defendants filed two suits in the Central District of California against R.T. Clark Manufacturing, Inc. with case numbers of 2007-cv-00731 and 2008-cv-00124. (Id.) Plaintiff alleges Defendant D&D USA filed two lawsuits against Safetech Hardware Inc. in the Central District of California with case numbers 2011-cv-01154 and 2012-cv-01538. (Id. at 8)

[6] Plaintiff has not provided any information regarding Defendants' lawsuits against other competitors, including the products at issue in those cases. (Dkt. 29 at 6-8)

litigation between the parties involving claims of patent infringement, the current dispute relates to Plaintiff's advertising claims in its catalogs.  Apparently, only two of the hinges from the previous lawsuit are at issue in the October 4, 2012 letter.  The letter also discusses claims regarding products that were not at issue in the previous litigation.  See Prasco, 537 F.3d at 1341 (prior suit involving other patents not determinative); Breckenridge, 2009 WL 654214, at *3 (prior patent lawsuits did not involve products or patents at issue in current case).  Accordingly, past lawsuits regarding unrelated products or issues do not strengthen Plaintiff's claim of a substantial ongoing controversy between the parties.

Also, the prior lawsuits concerning Plaintiff are somewhat remote in time.  Although the most recent lawsuit against Plaintiff ended in 2011, that case was filed in 2008.  At the time Plaintiff filed its amended complaint in May 2013, the most recent case Defendants had filed against Plaintiff occurred five years prior.  See Panavise, 306 F. App'x at 573 (failing to find "immediacy of any threat of future injury" where the defendant had initiated lawsuits asserting infringement of its patent but where the most recent of such lawsuits was filed more than a year prior to the plaintiff's complaint). This is not a situation where there has been continuing litigation between the parties. Cf Teva Pharms. USA, Inc. v. Novartis Pharms. Corp., 482 F.3d 1330, 1340 (Fed. Cir. 2007) (current ongoing dispute over patents).

Plaintiff's subjective apprehension of suit does not prove a substantial continuing controversy between the parties.  Other than the letter, Defendants have not accused Plaintiff of false advertising or filed other actions asserting a false advertising claim against Plaintiff. The totality of facts alleged in the amended complaint  fall short of demonstrating a "substantial continuing controversy between parties having adverse legal interests." MedImmune, 549 U.S. at 127; Panavise,

306 F. App'x at 572-73 (holding no real and immediate threat where defendant had not restrained plaintiff in marketing its products before and at the time complaint was filed).

**CONCLUSION**

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1)     Defendant D&D Technologies (USA), Inc., D&D Group Pty Ltd and D&D Technologies Pty Ltd's Motion to Dismiss Plaintiff Nationwide's Amended Complaint [Dispositive Motion] (Dkt. 32) be **GRANTED** as to lack of subject-matter jurisdiction.[7]

**Date: November 4, 2013**

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  See 28 U.S.C. § 636(b)(1).

---

[7]  It is therefore unnecessary to address the other ground in the motion regarding lack of subject matter juridiction over the D&D Australia Defendants.