UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATIONWIDE INDUSTRIES, INC.,

    **Plaintiff,**

v.                                              Case No: 8:12-cv-2372-T-27EAJ

D & D TECHNOLOGIES (USA), INC., D
& D GROUP PTY LTD and D & D
TECHNOLOGIES PTY LTD,

    **Defendants.**
_____/

## ORDER

Before the Court is Defendant D&D Technologies (USA), Inc., D&D Group Pty Ltd and D&D Technologies Pty Ltd.'s Motion to Dismiss Plaintiff Nationwide's Amended Complaint (Dkt. 32) and Plaintiff's response (Dkt. 37). The motion was referred to the United States Magistrate Judge for a Report and Recommendation. The Magistrate Judge recommends that Defendants' motion be granted based on lack of subject matter jurisdiction (Dkt. 75).[1] The Magistrate Judge concludes that subject matter is lacking as the Amended Complaint does not demonstrate a substantial continuing controversy between the parties supporting declaratory relief. Plaintiff has objected to the Report and Recommendation (Dkt. 80), to which Defendants have responded (Dkt. 81). Upon consideration, Plaintiff's objections are overruled and the Report and Recommendation is accepted and adopted.

### STANDARD

A district court may accept, reject, or modify a magistrate judge's report and

---

[1] D&D Group Pty Ltd and D&D Technologies Pty Ltd also move for dismissal on the ground that the Court lacks personal jurisdiction over them. The Report and Recommendation did not address this issue and it is unnecessary to do so. (*See* Dkt. 75 at 9 n.7).

recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Objections must "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see Leatherwood v. Anna's Linens Co.*, 384 Fed. App'x. 853, 857 (11th Cir. 2010). In the absence of specific objections, there is no requirement that findings be reviewed *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Nevertheless, the district court reviews the report and recommendation for "clear error" even in the absence of objections. *Macort v. Prem, Inc.*, 208 Fed. App'x. 781, 784 (11th Cir. 2006). Legal conclusions are reviewed *de novo*, even in the absence of an objection. *See LeCroy v. McNeil*, 397 Fed. App'x. 554, 556 (11th Cir. 2010) (citing *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982)); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

"In all cases arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 (1988), the threshold question is whether a justiciable controversy exists. Congress limited federal jurisdiction under the Declaratory Judgment Act to actual controversies, in statutory recognition of the fact that federal judicial power under Article III, Section 2 of the United States Constitution extends only to concrete 'cases or controversies.'" *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995) (citations omitted).

The Supreme Court has summarized the standard for determining whether a justiciable controversy appropriate for declaratory judgment exists: "'Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, *of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.*'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127

(2007) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)) (emphasis added). "[A]n actual 'controversy must be based on a real and immediate injury or threat of future injury that is caused by the defendants—an objective standard that cannot be met by a purely subjective or speculative fear of future harm.'" *Panavise Products, Inc., v. Nat'l Products, Inc.*, 306 F. App'x 570, 572 (Fed. Cir. 2009) (quoting *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1338 (Fed. Cir. 2008)). The dispute must be "'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Id.* at 127 (quoting *Aetna Life Ins. Co., v. Haworth*, 300 U.S. 227, 240-41 (1937)). "[T]here is no bright-line rule for distinguishing those cases that satisfy the actual case-or-controversy requirement from those that do not." *Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1364 (Fed. Cir. 2009) (citing *MedImmune*, 549 U.S. at 127).

I find, on *de novo* review, considering all of the circumstances, including the litigation history between the parties, that Plaintiff's Amended Complaint does not demonstrate that a justiciable controversy exists, and that the Magistrate Judge is correct that subject matter jurisdiction is lacking. Notwithstanding that the parties are competitors and have been engaged in litigation in the past, Plaintiff's apprehension of being embroiled in yet another lawsuit brought by Defendants is simply not sufficiently immediate or definite to constitute a substantial continuing controversy between the parties warranting declaratory relief.

### *Objections*

Plaintiff makes two objections to the Report and Recommendation. First, Plaintiff contends

3

that the Report "misconstrues" the March 11, 2013 Order which dismissed the original Complaint (Dkt. 25) and fails to address whether the October 4, 2012 cease and desist letter sent on behalf of D&D Group Pty Ltd and D&D Technologies Pty Ltd (collectively "the D&D Australian Defendants") establishes a case or controversy with those Defendants. Second, Plaintiff contends that the Report does not evaluate the totality of the circumstances to determine whether there is a substantial controversy between the parties. Specifically, Plaintiff takes issue with the Report's conclusion regarding the effect of prior litigation between the parties on whether a substantial controversy exists.

### *The Cease and Desist Letter*

On October 4, 2012, Attorney Robert Becker sent a letter on behalf of the D&D Australian Defendants to Plaintiff's President, Christopher Kliefoth ("the cease and desist letter"). (Dkt. 29-1). The letter essentially demanded certain warranty information and substantiation of a number of claims made in Plaintiff's catalogs relating to warranties, product performance, and test results. (*Id.*). Alternatively, the letter demanded that Plaintiff cease and desist making certain advertising claims and provided a deadline of fifteen days later for Plaintiff to respond, stating that D&D would be advised "to take all necessary and appropriate actions" if Plaintiff did not respond. (*Id.* at 2). Plaintiff emphasizes three aspects of the cease and desist letter: (1) the cease and desist letter was sent by outside litigation counsel, (2) it was sent on behalf of the D&D Australian Defendants, two of the three Defendants in this case, (3) and it provided a short response time. (Dkt. 80 at 4).

### *Discussion*

Plaintiff's first objection to the Report and Recommendation is without merit. The Magistrate Judge did not misconstrue the prior Order dismissing the original complaint. As demonstrated by

the thorough discussion in the Report and Recommendation, the Magistrate Judge obviously understood on whose behalf the cease and desist letter was authored, expressly distinguishing between the respective Defendants, noting that D&D USA "owns the exclusive license of a patent owned by D&D Group." (Dkt. 75, at 3). Further, she correctly noted that the earlier Order dismissed the original complaint because it failed to establish a justiciable "case or controversy." (Id.). Her use of "Defendants" in referencing the earlier Order and characterizing the instant motion as a "renewed" motion is an understandable scrivener's error, considering the relationship between the Defendants and the central issue of subject matter jurisdiction.

As noted, the cease and desist letter was sent on behalf the D&D Australian Defendants, not D&D USA. The earlier motion to dismiss was filed on behalf of D&D USA, as the D&D Australian Defendants had not yet been served. (*See* Dkt. 8). The March 11, 2013 Order therefore determined that the original complaint failed to allege a case or controversy between Plaintiff and D&D USA. (See Dkt. 25). Whether a case or controversy existed between Plaintiff and all D&D Defendants, the question here, was not addressed in that Order. In the end, however, the cease and desist letter remains the primary focus, and the same deficiency exists with respect to the Amended Complaint as in the original complaint, for purposes of Article III subject matter jurisdiction.

### *No Case or Controversy Demonstrated*

As previously noted, the cease and desist letter does not "expressly threaten litigation." (Dkt. 25 at 2). Nor does it expressly accuse Plaintiff of false advertising or violating the Lanham Act. And it makes no accusation of copyright infringement, trademark violation, or any actionable conduct on the part of Plaintiffs. At most, the letter amounts to nothing more than a competitor's demand for information regarding Plaintiff's products, testing results and warranties. The deadline

for responding certainly imposed no actionable obligation on the part of Plaintiff. And it stretches one's imagination to fathom what right Defendants had to the requested information and what obligation Plaintiff had to provide it. That the attorney wrote that he would advise his clients "to take all necessary and appropriate actions" if Plaintiff did not respond does not amount to a threat of litigation.

### *Prior Litigation*

"'Prior litigious conduct is one circumstance to be considered in assessing whether the totality of circumstances creates an actual controversy.'" *Panavise Products, Inc.*, 306 F. App'x at 573 (quoting *Prasco*, 537 F.3d at 1341). The Amended Complaint alleges that D&D USA and D&D Group have brought four patent infringement lawsuits against Plaintiff in the past eleven years. (Dkt. 29 at ¶ 25). Plaintiff focuses on the most recent patent infringement lawsuit involving the same parties as this case and two of the same CORNERSTONE® hinge models, Case No. 00236, which was filed in 2008 and concluded in May 2011. (*See id.* at ¶¶ 26-30). Plaintiff also alleges that these models are the subject of the cease and desist letter. (*Id.* at ¶ 40). Plaintiff further alleges that Defendants sued other competitors in recent years as well, listing four lawsuits in 2007 and 2008 and two lawsuits brought by D&D USA in 2011 and 2012. (*Id.* at ¶¶ 31, 33).

It was previously determined that "the fact that Nationwide and D&D USA have engaged in patent infringement litigation on four occasions during the past eleven years [is] insufficient to establish a real and immediate threat of future injury." (Dkt. 25 at 4). Although the allegations in the original Complaint regarding prior litigation were conclusory, the Magistrate Judge considered the new allegations in the Amended Complaint and concluded they too were insufficient. (*See* Dkt. 75 at 6-9). Plaintiff merely disagrees with the conclusion reached by the Magistrate Judge.

That Defendants have filed prior lawsuits attempting to protect patent rights does not support Plaintiff's contention that a substantial and immediate controversy exists at this time between Plaintiff and Defendants as a result of the cease and desist letter which alludes to the Lanham Act. Although some of the litigation between the parties (Case No. 00236) related to two of the same products mentioned in the cease and desist letter, the letter did not discuss patents or an intent by Defendants to protect any proprietary interest in those products. Rather, it made only a vague and generalized reference to false advertising and the Lanham Act.

Based on that reference to false advertising and the Lanham Act, Plaintiff's Amended Complaint requests a declaratory judgment that Plaintiff's advertising claims do not violate Section 43(a) of the Lanham Act. (Dkt. 29 at 12). But Plaintiff's concerns are, at best, speculative. Not only must Plaintiff allege a "substantial continuing controversy" between itself and Defendants, it must allege that the controversy is "real and immediate," rather than "conjectural, hypothetical, or contingent." *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1347 (11th Cir. 1999) (citations and quotations omitted). "The remote possibility that a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement for declaratory judgments." *Id.*

While the prior litigation is unquestionably a factor to consider under the totality of the circumstances, the nature of the prior litigation and the substance of the cease and desist letter weighs against a finding that a substantial, immediate, and real controversy exists today.[2] There is simply nothing concrete enough in the cease and desist letter to support a finding that a case or controversy exists regarding whether Plaintiff has violated the Lanham Act.

---

[2] In addition, as the Report finds, these prior lawsuits against Plaintiff are remote in time and have concluded. (*See* Dkt. 75 at 8).

*Conclusion*

While the parties may be fierce competitors who have a history of litigation over patent rights, there are insufficient facts alleged in the Amended Complaint to demonstrate that a substantial, continuing controversy exists between the parties, that is, a justiciable case or controversy for Article III jurisdictional purposes, concerning any purported violations of the Lanham Act.

Accordingly,

1. Plaintiff's Objections to the Report and Recommendation (Dkt. 80) are **OVERRULED**. The Report and Recommendation (Dkt. 75) is **ADOPTED** as the opinion of the Court, except to the extent stated in this Order, for all purposes, including appellate review.

2. Defendant D&D Technologies (USA), Inc., D&D Group Pty Ltd and D&D Technologies Pty Ltd.'s Motion to Dismiss Plaintiff Nationwide's Amended Complaint (Dkt. 32) is **GRANTED**. Plaintiff's Amended Complaint (Dkt. 29) is **DISMISSED**.

4. The Clerk is directed to close the file.

**DONE AND ORDERED** this 30th day of January, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record